UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAVIER CORTEZ SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00468-JRO-MKK |
| | ) | |
| BRANDON CROWLEY,<br>SAMUEL OLSON,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT AND GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Javier Cortez Sanchez was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on June 24, 2026, and was detained at the Clay County Jail in Brazil, Indiana, pending his removal proceedings. Dkt. 1 at ¶ 1. He sought a writ of habeas corpus for his immediate release or an order directing Respondents to provide him with an immigration bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 18. Respondents maintained that Petitioner was not entitled to a bond hearing because he was mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), which statutorily forecloses bond hearings for certain aliens seeking admission to the United States. Dkt. 9.

The Court agreed with Respondents and denied the petition. Three days later, the Seventh Circuit issued *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), an opinion that all parties agree would have controlled the outcome of the petition. *See* dkt. 15 at 1; dkt. 16 at 1. Petitioner then filed a motion to alter the

judgment or relief from the judgment pursuant to Rules 59 and 60, respectively, which is now before the Court. The motion is fully briefed and ripe for consideration.

Because the Court finds extraordinary circumstances warrant relief from the judgment, the facts are undisputed, and Respondents concede that the outcome of the petition is controlled by *Cirrus Rojas*, the motion, dkt. [14], is **GRANTED in part**.

## I. Background

The facts in this case are not in dispute and are restated as follows:

> Petitioner is a citizen of Mexico. Dkt. 1 at 1, 4; Dkt. 8-1 at 1. Sometime in 2021, he entered the United States without inspection. Dkt. 1 at 4. On December 19, 2025, Petitioner was arrested by the Lockport Police Department in Joliet, Illinois and charged with aggravated DUI with no driver's license or insurance. Dkt. 8 at 2; Dkt. 8-1 at 3.
>
> On June 24, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers after issuing an I-200 warrant for his arrest and took him into custody. Dkt. 1 at 4; Dkt. 8 at 2; Dkt. 8-1 at 2, 7. On July 10, 2026, the Department of Homeland Security ("DHS") initiated removal proceedings by issuing him a Notice to Appear ("NTA"). Dkt. 1 at 4; Dkt. 8 at 2; Dkt. 8-1 at 4–6. The NTA charges state that Petitioner is removable based on 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."). Dkt. 8-1 at 4–6.
>
> Petitioner was detained at the Clay County Justice Center in Brazil, Indiana, when he commenced this habeas action. Dkt. 1 at 1; Dkt. 1-1. On July 9, 2026, he was transferred to the Greene County Jail in Springfield, Missouri, where he remains, dkt. 8 at 2; dkt. 8-2 at 2; dkt. 10 at 2–3; dkt. 10-1 at 4; *see* dkt. 9 at 1, and his removal proceedings are ongoing, dkt. 10-1 at 1.

Dkt. 12 at 2–3 (footnote omitted).

The Court denied the petition on July 27, 2026, finding that he was subject to mandatory detention under § 1225(b)(2)(A) and was ineligible for a bond hearing under § 1226(a). Dkt. 12 at 9–10. Three days later, the Seventh Circuit issued an opinion in *Cirrus Rojas*, which Respondents state, "would have [] controlled [the outcome of the petition]." Dkt. 15 at 1.

In *Cirrus Rojas*, the Seventh Circuit held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A) [of the INA], and are eligible for bond hearings subject to the INA's other requirements." 183 F.4th at 915. The Seventh Circuit further held that the ordinary meaning of "seeking admission" cannot, as a factual matter, describe aliens who "entered the United States without admission or parole . . . making [them] 'inadmissible'" and, thus, "can only seek to remain in the United States through other forms of relief that are not admission." *Id.* at 920. Accordingly, the Seventh Circuit found that aliens, like the Petitioner, were not subject to mandatory detention under § 1225(b)(2)(A) and were entitled to consideration for bond under § 1226(a). *Id.* at 931.

A few days after *Cirrus Rojas* was decided, Petitioner filed a motion to alter or relief from the judgment, arguing that the Seventh Circuit's decision resolved the primary legal issue presented in the case. Dkt. 14. Petitioner asks the Court for relief from the judgment in the form of an order granting either immediate release or an individualized bond hearing at which the government bears the burden of proof. Dkt. 14 at 4.

Respondents contested the motion initially, arguing Petitioner has an administrative remedy that is unexhausted, namely, requesting a bond hearing from an immigration judge. Dkt. 15 at 2–3. However, Respondents later withdrew their exhaustion argument because Petitioner is physically detained in St. Louis, Missouri, which is within the geographical boundary of the Eighth Circuit. Dkt. 16; dkt. 17. The Eighth and Seventh Circuits are on opposite sides of the circuit split for the legal issue presented, *see, e.g., Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), and Respondents allege that immigration courts within the Eighth Circuit are continuing to deny the opportunity for release on bond. Dkt. 16; Dkt. 17.

## II. ANALYSIS

Under the Federal Rules, "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "catchall" provision requires the moving party to demonstrate that "extraordinary circumstances" warrant relief. *Buck v. Davis*, 580 U.S. 100, 123 (2017). In doing so, "a court may consider a wide range of factors," including, "in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.*

Respondents concede that "the outcome of this Petition is controlled by the Seventh Circuit's recent decision in *Cirrus Rojas*." Dkt. 17 at 1. Of course, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 891 (7th Cir. 2020). Yet, this case presents

the "exceptional circumstances" that warrants relief, *see id.*, because that relief may result in Petitioner's release from civil detention—in which he has been without the possibility of bond since June 2026.

Moreover, the facts in this case were undisputed, and the Petitioner would otherwise be eligible for a bond hearing had the Court ruled on his petition three days later under *Cirrus Rojas*. In other words, this was a case that boiled down to the fortuitous timing of the Court's decision on a pure question of law, not a question of fact that could have gone either way or an exercise of discretion for which there is not "a right answer." *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 831 (7th Cir. 1985) (discussing the scope of a district court's exercise of discretion under Rule 60(b)(6)). There is no need for additional evidence or factual development. All there is for the Court to do is vacate the prior judgment and enter one consistent with *Cirrus Rojas*.

Holding a bond hearing does not seem to be an issue for Respondents. They state, "should this Court vacate its previous order and [find] that the Petitioner is entitled to a bond hearing, the [] decision will be promptly communicated to the Executive Office for Immigration Review with instructions to schedule a bond hearing." Dkt. 17 at 1. Accordingly, the Court will grant partial relief under Rule 60(b).

## III. SCOPE OF RELIEF

Petitioner seeks an order granting immediate release or, alternatively, an individualized bond hearing. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103,

107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, consistent with *Cirrus Rojas*, the Court finds only that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See* 183 F.4th at 931 ("[The petitioner] is therefore not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is eligible for a bond hearing under 8 U.S.C. § 1226(a).").

Petitioner also asks the Court to impose on the government the burden of proof at the bond hearing. The Court declines to do so. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison. Section 1226 is silent on the issue, so Petitioner's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Petitioner's detention is unlawful under binding Seventh Circuit precedent because he has been deprived of an opportunity for a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

## IV. CONCLUSION

The motion to alter or for relief from judgment, dkt. [14], is **GRANTED** in part. The order denying the petition for writ of habeas corpus, dkt. [12] and entry

of final judgment, dkt. [13], are **VACATED**.

The Court **GRANTS** the petition for writ of habeas corpus to the extent that **no later than ten days from the date of this order**, **Respondents must either**: (1) provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Petitioner from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Petitioner with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Respondents hold a bond hearing, the Attorney General is **ORDERED** to provide notice of the bond hearing to Petitioner's counsel upon the scheduling of the hearing.

The petition is **DENIED** to the extent it seeks immediate release. The clerk is **DIRECTED** to enter final judgment consistent with this order.

**SO ORDERED.**

Date: 9/8/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Carla Iveth Espinoza
EZG Immigration Law, LLC
carla@ezg-law.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov